FLORENCE SHUBERT and AUGUST SHUBERT,
her husband, et al.,

*v.*

FLORENCE E. BAKER.

[Decided June 12th, 1922.]

Where a brother and sister would have been the sole heirs of their father in case of his intestacy, and prior to the probate of their father's will, there being some doubt as to its validity, compromised and adjusted their property rights by making mutual conveyances, these conveyances cannot be set aside by the heirs of the brother.

On bill to set aside conveyance and for accounting. On pleadings and proofs.

*Messrs. Hunziker & Randall,* for the complainants.

*Mr. Garret Van Cleve,* for the defendant.

LEWIS, V. C.

This is a bill filed by the widow and children of Samuel Dutton, deceased, to set aside the conveyance of certain property made by Samuel Dutton to his sister, Florence E. Baker, the defendant, and for an accounting for the rents, issues and profits.

The property in question came to the defendant by will from her mother, Annie Dutton, and was, together with other property, later given to her father, Thomas Dutton.

Thomas Dutton died February 21st, 1919. He appears to have made three wills. By the first will all his property was devised to his son Samuel; by the third will, the premises in question were devised to the defendant's daughter. The second will does not come into the case, and was apparently destroyed by Thomas Dutton, prior to his death. The third will was declared invalid because of defective execution, and the first will was duly admitted to probate. Under this will, Samuel took the entire estate of his father. Samuel died March 15th, 1919, about three weeks after his father's death. After the death of the father, Thomas Dutton, the son Samuel and his sister, Florence Baker, made an arrangement between themselves whereby a deed for the premises involved in this suit was made by Samuel to the sister, Florence Baker; and a deed for certain other premises was made by her to the brother Samuel. All this was part of their father's estate at the time of his death.

These mutual conveyances took place before the third will was adjudged invalid, and prior to the probate of the first will of Thomas Dutton.

The physical condition of Samuel Dutton was such that he and his sister were doubtless actuated by a mutual desire to thus adjust their property relations because of the un-

certainty of their ultimate status, either as devisees or as heirs-at-law of the father.

If neither of the wills of Thomas Dutton was valid, Samuel and his sister would have taken real property of which their father died seized as tenants in common. It transpired that the first will was probated and the third will was held invalid; and hence, Samuel took as the sole devisee.

Whatever misapprehension there may have been of the legal status of the parties, and of their rights in the properties at the time the cross-conveyances were made, I think that it was the clear intent of Samuel Dutton that the premises involved in this suit should be vested in his sister, Florence Baker; and that it was the clear intention of Florence Baker that the properties which she conveyed to Samuel should vest in him; and thus they compromised and adjusted their ultimate respective rights in these properties in the manner they both desired.

This property of Florence Baker's had been her mother's originally, and by her mother had been devised to Florence, who, thereupon, for some reason that does not appear, conveyed it to her father. That her father did not desire Samuel to have this property is evident from the fact that he devised the same to the daughter of Florence by his last will and testament, although by the first will he had left it to Samuel.

I think that it was these mutual considerations that led the brother and the sister to adjust their property rights in the manner in which they did at the time the conveyance in question was made, and that the conveyance to Florence should stand.

If there were any mistake, as argued by complainants, it was a mistake of law, against which, under the circumstances of this case, equity affords no relief.

Notwithstanding the physical condition of Samuel at that time, he was entirely responsible and competent to make the conveyance and was acting under the advice and guidance .

of counsel. There is therefore no basis for granting the relief prayed for on this ground.

The question whether the property thus conveyed to the defendant should contribute in any part to the payment of the debts of the father is not in issue or before me on the present pleadings and proofs.

I will advise a decree in accordance with these conclusions.